UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DUNN,

       Plaintiff,

v.                                                         Case No. 06-14958
                                                         Honorable Patrick J. Duggan

NORTHWEST AIRLINES, INC.,

       Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 17, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff filed this lawsuit against Defendant on November 3, 2006, alleging reverse race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Plaintiff thereafter filed a Return of Service on November 13, 2006, reflecting that her process server had served Defendant's Registered Agent, the Corporation Company, on November 6, 2006, via United States Postal Service First Class Mail. This Court issued a Show Cause Order on March 1, 2007, ordering Plaintiff to show cause within fifteen days why this action should not be dismissed due to lack of progress. Plaintiff filed a response on March 16, 2007, stating "[t]hat no answer has been filed with regard to [her] Complaint although service has been effected by serving the resident agent

1

of Northwest Airlines." Plaintiff represented that she, therefore, intended to seek a default forthwith. Defendant filed a "Response to Plaintiff's Response to Order to Cause" on April 6, 2007, arguing that it not been served in a proper or timely manner and thus Plaintiff's lawsuit should be dismissed.

As relevant to the pending action, the Federal Rules of Civil Procedure provide that service of the summons and a copy of the complaint shall be made upon a corporation as follows:

> **(1)** in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . .

FED. R. CIV. P. 4(h). Subdivision (e)(1) provides that service may be made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." FED. R. CIV. P. 4(e)(1). Michigan Court Rule 2.105 provides, in relevant part, that service of process upon a corporation may be made by serving the summons and a copy of the complaint on the following:

> (1) an officer or the resident agent;
>
> (2) a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation; . . .

MCR 2.105(D). Plaintiff's method of service– i.e. delivery to Defendant's registered agent via <u>First Class</u> Mail– fails to conform to any of the above rules.

The Federal Rules of Civil Procedure provide that a court shall "upon motion or on its own initiative after notice to the plaintiff" dismiss an action without prejudice or direct that service be effected within a specified time "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint..." FED. R. CIV. P. 4(m). As indicated above, Plaintiff has failed to properly serve Defendant within the 120-day deadline. Accordingly, this Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint for failure to timely serve Defendant in a manner proscribed by Rule 4 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Leslie J. Nearpass, Esq.
Robert Vercruysse, Esq.
Bernice McReynolds, Esq.